**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Allegra L. Fishel (AF 4866)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **GREG PRASKER and MICHELLE IARUSSO**, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> -against- <br><br> **ASIA FIVE EIGHT LLC d/b/a TAO RESTAURANT, MARC PACKER, RICHARD WOLF, KIM KURLANCHIK, PAUL GOLDSTEIN, and TONY DADDABBO,** <br><br> Defendants. | **CLASS ACTION COMPLAINT** <br><br><br> **Jury Trial Demanded** |

Plaintiffs Greg Prasker ("Prakser") and Michelle Iarusso ("Iarusso") (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1.     Tao Restaurant ("Tao") is a trendy, high-priced restaurant located in midtown Manhattan. Since approximately 2000, when Tao opened, prominent celebrities, business people, and other wealthy patrons have flocked to the restaurant to enjoy pan-Asian food and exotic drinks. Tao's popularity has made it into a multi-million dollar business. This

workers whom it has failed to pay proper minimum wages and overtime compensation.

2.     Tao also misappropriates "service charges" and/or mandatory gratuities paid by customers who contract with Tao to hold parties and functions at the restaurant. Tao has led customers entering into such contracts to reasonably believe that such "service charges" and/or mandatory gratuities were for the workers.  In *Samiento v. World Yacht Inc.,* 883 N.E.2d 990, 10 N.Y.3d 70 (N.Y. 2008), the New York Court of Appeals recently confirmed that this practice violates the New York Labor Law.

3.     This lawsuit seeks to recover minimum wages, overtime compensation, and misappropriated "service charges" and gratuities for Plaintiffs and their similarly situated co-workers.

4.     Plaintiffs bring this action on behalf of themselves and similarly situated current and former hourly food service workers of Tao who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and specifically the collective action provision of 29 U.S.C. § 216(b), to remedy Defendants' violations of the wage and hour provisions of the FLSA that have deprived Plaintiffs and similarly situated current and former servers, runners, bussers, and other hourly food service workers at Tao of their lawfully earned wages.

5.     Plaintiffs also bring this action on behalf of themselves and similarly situated current and former servers, runners, bussers, and other hourly food service workers at Tao, pursuant to Federal Rule of Civil Procedure 23, to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

### **THE PARTIES**

2

**Plaintiffs**

**Greg Prasker**

6.    Plaintiff Greg Prasker is an adult individual who is a resident of Staten Island, New York.

7.    Prasker was employed by Tao as a server from approximately July 2007 through approximately May 2008.

8.    Prasker has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).  His written consent form is attached as part of Exhibit A.

9.    Prasker is a covered employee within the meaning of the FLSA and the NYLL.

**Michelle Iarusso**

10.    Plaintiff Michelle Iarusso is an adult individual who is a resident of Brooklyn, New York.

11.    Iarusso was employed by Tao as a server from approximately March 2006 through approximately February 2008.

12.    Iarusso has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).  Her written consent form is attached as part of Exhibit A.

13.    Iarusso is a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

14.    Asia Five Eight LLC d/b/a Tao Restaurant, Marc Packer, Richard Wolf, Kim Kurlanchik, Paul Goldstein, and Tony Daddabbo (collectively, "Defendants") were part of a single integrated enterprise that jointly employed Plaintiffs and similarly situated employees at all times relevant.

**Tao Restaurant**

15.    Tao Restaurant is an upscale restaurant, bar, and party space located at 42 East 58th Street, New York, New York.

16.    Tao is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

17.    At all times relevant, Tao's annual gross volume of sales or business done was not less than $500,000.

**Asia Five Eight LLC**

18.    Asia Five Eight LLC ("Asia Five Eight") is a limited liability corporation organized and existing under the laws of the State of New York.  Upon information and belief, its principal executive offices are located at 888 Seventh Avenue, 34th Floor, New York, New York.

19.    At all times relevant, Asia Five Eight operated Tao Restaurant and did business as Tao Restaurant.

20.    Asia Five Eight is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

21.    At all times relevant, Asia Five Eight maintained control, oversight, and direction over the operation of Tao, including its employment practices.

22.    At all times relevant, Asia Five Eight's annual gross volume of sales or business done was not less than $500,000.

**Marc Packer**

23.    Upon information and belief, at all times relevant, Defendant Marc Packer ("Packer") has been an owner and/or partner of Tao.

24.    Upon information and belief, at all times relevant, Packer has had the power to hire and fire employees, including Plaintiffs and similarly situated employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.  Upon information and belief, at all times relevant, Packer has also had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

25.    Packer is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

26.    Packer is an agent of Tao and Asia Five Eight.

**Richard Wolf**

27.    Upon information and belief, at all times relevant, Defendant Richard Wolf ("Wolf") has been an owner and/or partner of Tao.

28.    Upon information and belief, at all times relevant, Wolf has had the power to hire and fire employees, including Plaintiffs and similarly situated employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.  Upon information and belief, at all times relevant, Wolf has also had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

29.    Wolf is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs and

similarly situated employees.

30.    Wolf is an agent of Tao and Asia Five Eight.

**Kim Kurlanchik**

31.    Upon information and belief, at all times relevant, Defendant Kim Kurlanchik ("Kurlanchik") has been an owner and/or partner of Tao.

32.    Upon information and belief, at all times relevant, Kurlanchik has had the power to hire and fire employees, including Plaintiffs and similarly situated employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.  Upon information and belief, at all times relevant, Kurlanchik has also had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

33.    Kurlanchik is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

34.    Kurlanchik is an agent of Tao and Asia Five Eight.

**Paul Goldstein**

35.    Upon information and belief, at all times relevant, Defendant Paul Goldstein ("Goldstein") has been the General Manager of Tao.

36.    Upon information and belief, at all times relevant, Goldstein has had the power to hire and fire employees, including Plaintiffs and similarly situated employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.  Upon information and belief, at all times relevant, Goldstein has also had the power to stop any illegal pay practices that harmed Plaintiffs and similarly

situated employees.

37.    Goldstein is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

38.    Goldstein is an agent of Tao and Asia Five Eight.

**Tony Daddabbo**

39.    Upon information and belief, at all times relevant, Defendant Tony Daddabbo ("Daddabbo") has been the Director of Service at Tao.

40.    Upon information and belief, at all times relevant, Daddabbo has had the power to hire and fire employees, including Plaintiffs and similarly situated employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.  Upon information and belief, at all times relevant, Daddabbo has had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

41.    Daddabbo terminated Plaintiff Prasker's employment with Tao in or about May 2008.

42.    Daddabbo is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs.

43.    Daddabbo is an agent of Tao and Asia Five Eight.

## JURISDICTION AND VENUE

44.    This Court has subject matter jurisdiction pursuant to 28 U.S.C.

§§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C.

§§ 1332 and 1367.

45.    This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant

to 29 U.S.C. § 216(b).

46.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

47.    Venue is proper in the Southern District of New York pursuant to

28 U.S.C. § 1391.

## CLASS ACTION ALLEGATION

48.    Plaintiffs bring the Second, Fourth, Fifth, and Sixth Causes of Action, NYLL

claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves

and a class of persons consisting of:

> all persons who have worked as servers, runners, bussers,
> and other hourly food service workers between June 28,
> 2002 and the date of final judgment in this matter (the
> "Rule 23 Class").

49.    Excluded from the Rule 23 Class are Defendants; Defendants' legal

representatives, officers, directors, assigns, and successors, or any individual who has, or

who has had at any time during the class period, a controlling interest in Tao or Asia Five

Eight; the judge(s) to whom this case is assigned and any member of the judge(s)'

immediate family; and all persons who will submit timely and otherwise proper requests

for exclusion from the Rule 23 Class.

50.    The employees in the Rule 23 Class are so numerous that joinder of all

members is impracticable.

51.    Upon information and belief, the size of the Rule 23 Class is at least 80 individuals.  The precise number of such employees is unknown, and the facts on which the calculation of that number can be calculated are presently within the sole control of Defendants.

52.    Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

53.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

>    (a)  whether Defendants violated NYLL Article 6, §§190 *et seq.,* and Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Parts 137, as alleged herein;

>    (b)  whether Defendants failed to pay Plaintiffs and the Rule 23 Class the applicable minimum wage under the NYLL;

>    (c)  whether Defendants failed to pay Plaintiffs and the Rule 23 Class the applicable minimum wage under the NYLL;

>    (d)  whether Defendants demanded, accepted and/or retained gratuities paid by customers to whom Defendants represented that such gratuities were intended for Plaintiffs and the Rule 23 Class and which customers reasonably believed to be gratuities for Plaintiffs and the Rule 23 Class.

>    (e)  whether Defendants made unlawful deductions from the wages of Plaintiffs and the Rule 23 Class by charging Plaintiffs and the Rule 23 Class for customers who leave, but fail to pay for their food and/or drinks, for breakages or spoilages, and for uniform-related expenses;

>    (f)  whether Defendants correctly calculated and compensated Plaintiffs and the Rule 23 Class for hours worked in excess of 40 per workweek;

(g) whether Defendants failed to provide Plaintiffs and the Rule 23 Class spread-of-hours compensation as required by the NYLL;

(h) whether Defendants failed to keep true and accurate time and pay records for all hours worked by its employees, and other records required by the NYLL;

(i) whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance as required by the NYLL;

(j) whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(k) the nature and extent of class-wide injury and the measure of damages for those injuries.

54.    The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent.  Plaintiffs and the members of the Rule 23 Class all work, or have worked, for Defendants as servers, runners, bussers, and/or hourly food service employees at Tao. Plaintiffs and the members of the Rule 23 Class enjoy the same statutory rights under the NYLL to be paid for all hours worked, to be paid minimum and overtime wages, and to keep the tips they earn.  Plaintiffs and the members of the Rule 23 Class have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.  Plaintiffs and the members of the Rule 23 Class have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns.

55.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.  Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between the Plaintiffs and the members of the Rule 23 Class.

56.    A class action is superior to other available methods for the fair and efficient

adjudication of this litigation.  The members of the Rule 23 Class have been damaged

and are entitled to recovery as a result of Defendants' violation of the NYLL as well as

its common and uniform policies, practices, and procedures.  Although the relative

damages suffered by the members of the Rule 23 Class are not *de minimis*, such damages

are small compared to the expense and burden of individual prosecution of this litigation.

Individual plaintiffs lack the financial resources to conduct a thorough examination of

Defendants' timekeeping and compensation practices and to prosecute vigorously a

lawsuit against Defendants to recover such damages.  In addition, class litigation is

superior because it will obviate the need for unduly duplicative litigation that might result

in inconsistent judgments about Defendants' practices.

57.    This action is properly maintainable as a class action under Federal Rule of

Civil Procedure 23(b)(3).

## COLLECTIVE ACTION ALLEGATIONS

58.    Plaintiffs bring the First and Third Causes of Action, FLSA claims, on behalf of

themselves and all similarly situated persons who have worked at Tao as servers, runners,

bussers, and other hourly food service employees who elect to opt-in to this action (the

"FLSA Collective").

59.    Defendants are liable under the FLSA for, *inter alia*, failing to properly

compensate Plaintiffs.  Upon information and belief, there are many similarly situated

current and former servers, runners, bussers, and other hourly food service employees

who worked at Tao and have been underpaid in violation of the FLSA and who would

benefit from the issuance of a court-supervised notice of the present lawsuit and the

opportunity to join the present lawsuit.  Those similarly situated employees are known to

Tao, are readily identifiable, and can be located through Tao's records.  Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

60.     Plaintiffs and the members of the Rule 23 Class and the FLSA Collective (collectively "Class Members") have been victims of Defendants' common policies, patterns, and practices perpetrated by Defendants that have violated their rights under the FLSA and the NYLL by denying them minimum wage, overtime compensation, tips that they earned, and other wages.

61.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the Class Members by engaging in a policy, pattern, or practice of violating the FLSA and the NYLL as described in this Class Action Complaint.  This policy, pattern, or practice includes, but is not limited to the following:

a.      failing to keep accurate and adequate records of wages paid to Plaintiffs and the Class Members, deductions taken from their wages, allowances or other credits taken by Defendants, gratuities, and hours worked by Plaintiffs and the Class Members as required by the FLSA and the NYLL;

b.      failing to pay Plaintiffs and the Class Members at least the applicable minimum hourly wage rate under the FLSA and the NYLL for all hours worked;

c.      making unlawful deductions from the wages of Plaintiffs and the Class Members, including but not limited to deductions for uniform-related expenses, credit card fees, walk-outs, spillage, and breakage;

d.    failing to pay Plaintiffs and the Class Members spread-of-hours compensation; and

e.    withholding from Plaintiffs and the Class Members "service charges" and/or gratuities collected from customers, where Defendants led the customers to reasonably believe that the "service charges" and/or gratuities were intended for Plaintiffs and the Class Members, and where Plaintiffs and the Class Members rarely, if ever, received tips directly from such customers.

62.    Upon information and belief, Defendants' unlawful conduct described in this Complaint has been pursuant to a corporate policy, pattern, or practice of minimizing labor costs and denying employees' compensation by knowingly violating the FLSA and the NYLL.

63.    Defendants' unlawful conduct has been widespread, repeated, and consistent. Upon information and belief, Defendants' policies, patterns, and practices described in this Class Action Complaint have been centrally promulgated and uniform throughout Tao.

64.    Defendants' unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the Class Members.

65.    Defendants' deceptive conduct prevented Plaintiffs and the Class Members from discovering or asserting their claims any earlier than they did.

## PLAINTIFFS' FACTUAL ALLEGATIONS

66.    Consistent with Defendants' policies, patterns or practices as described herein, Defendants harmed Plaintiffs individually as follows:

**Greg Prasker**

67.    During most weeks that Prasker was employed by Defendants, he worked more than forty hours.

68.    Defendants did not pay Prasker the proper minimum wage.

69.    Defendants did not pay Prasker overtime payments for those hours in excess of forty that he worked in any given week.

70.    Defendants withheld from Prasker "service charges" and/or gratuities collected from customers, where Defendants had led the customers to reasonably believe that the "service charges" and/or gratuities were intended for workers, and where Prasker rarely, if ever, received tips directly from such customers.

71.    Upon information and belief, Defendants did not keep accurate records of wages or tips earned, or of hours worked by Prasker.

72.    Defendants did not compensate Prasker for the purchase, cleaning, care, and maintenance of the uniforms they required Prasker to wear while working at Tao.

73.    Defendants did not pay Prasker spread-of-hours pay for shifts he worked of 10 hours or more.

74.    Defendants did not pay Prasker split-shift pay when he worked at Tao with more than an hour between shifts.

**Michelle Iarusso**

75.    Iarusso worked over forty hours per week on several occasions throughout her employment at Tao.  On those occasions, Tao management implicitly requested that Iarusso not to record her time.

76.    Defendants did not pay Iarusso the proper minimum wage.

77.    Defendants did not pay Iarusso overtime payments for those hours in excess of forty that she worked in any given week.

78.    Defendants withheld from Iarusso "service charges" and/or gratuities collected from customers, where Defendants had led the customers to reasonably believe that the "service charges" and/or gratuities were intended for workers, and where Iarusso rarely, if ever, received tips directly from such customers.

79.    Upon information and belief, Defendants did not keep accurate records of wages or tips earned, or of hours worked by Iarusso.

80.    Defendants did not compensate Iarusso for the purchase, cleaning, care, and maintenance of the uniforms they required Iarusso to wear while working at Tao.

81.    Defendants did not pay Iarusso spread-of-hours pay for shifts she worked of 10 hours or more.

82.    Defendants did not pay Iarusso split-shift pay when she worked at Tao with more than an hour between shifts.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

83.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

84.    Defendants failed to pay Plaintiffs and the Class Members the minimum wages to which they are entitled under the FLSA.

85.    Defendants have engaged in a widespread policy, pattern, and practice of violating the FLSA, as detailed in this Class Action Complaint.

86.    At all times relevant, Plaintiffs and the Class Members were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

87.    At all times relevant, Plaintiffs and the Class Members were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

88.    At all times relevant, Defendants have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

89.    Defendants were required to pay directly to Plaintiffs and the Class Members the applicable federal minimum wage rate of at least $5.15 per hour for all hours worked.

90.    Defendants failed to pay Plaintiffs and the Class Members enough to satisfy the tipped minimum wage as set forth in the FLSA, 29 U.S.C. § 203(m), because the actual amount of tips received by Plaintiffs and the Class Members was less than the amount Defendants used as a tip credit, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. §§ 531.50, 531.59.

91.    As a result of Defendants' violations of the FLSA, Plaintiffs and the FLSA

Collective have suffered damages by being denied minimum wages in accordance with

the FLSA in amounts to be determined at trial, and are entitled to recovery of such

amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other

compensation pursuant to 29 U.S.C. § 216(b).

92.    Defendants' unlawful conduct, as described in this Class Action Complaint, has

been willful and intentional.  Defendants were aware or should have been aware that the

practices described in this Class Action Complaint were unlawful.  Defendants have not

made a good faith effort to comply with the FLSA with respect to the compensation of

Plaintiffs and the FLSA Collective.

93.    Because Defendants' violations of the FLSA have been willful, a three-year

statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION

**New York Labor Law Article 19 – Minimum Wages**
**(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)**

94.    Plaintiffs reallege and incorporate by reference all allegations in all preceding

paragraphs.

95.    Defendants failed to pay Plaintiffs and the members of the Rule 23 Class the

minimum wages to which they are entitled under the NYLL.

96.    Defendants have engaged in a widespread pattern, policy, and practice of

violating the NYLL, as detailed in this Class Action Complaint.

97.    At all times relevant, Plaintiffs and the members of the Rule 23 Class have been

employees and Defendants have been employers within the meaning of the NYLL

§§ 190, 651(5), 652 and the supporting New York State Department of Labor

Regulations.

98.     The minimum wage provisions of Article 19 of the NYLL and the supporting

New York State Department of Labor regulations apply to Defendants and protect the

Plaintiffs and the members of the Rule 23 Class.

99.     Defendants were required to pay Plaintiffs and the members of the Rule 23

Class a minimum wage at a rate of (a) $5.15 per hour for all hours worked from June 24,

2000 through December 31, 2004; (b) $6.00 per hour for all hours worked from January

1, 2005 through December 31, 2005; (c) $6.75 per hour for all hours worked from

January 1, 2006 through December 31, 2006; and (d) $7.15 per hour for all hours worked

from January 1, 2007 through the present, under the NYLL § 652 and the supporting

New York State Department of Labor regulations, including but not limited to the

regulations in 12 N.Y.C.R.R. §137-1.2.

100.  Defendants failed to pay Plaintiffs and the members of the Rule 23 Class the

minimum hourly wages to which they are entitled under the NYLL and the supporting

New York State Department of Labor regulations.

101.  By Defendants' knowing or intentional failure to pay Plaintiffs and the

members of the Rule 23 Class minimum hourly wages, they have willfully violated the

NYLL Article 19, §§ 650 *et seq*. and the supporting New York State Department of

Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §137-

1.2.

102.  Defendants failed to furnish Plaintiffs and the members of the Rule 23 Class a

statement with every payment of wages listing hours worked, rates paid, gross wages,

and the tip allowance claimed as part of their minimum hourly wage rate, in violation of

the NYLL and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. § 137-2.2.

103.  By Defendants' knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class minimum hourly wages, they have willfully violated the NYLL Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 137.

104.  Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.  Plaintiffs do not seek liquidated damages under the NYLL.

### THIRD CAUSE OF ACTION

**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

105.  Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

106.  The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 210 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the FLSA Collective.

107.  Defendants have failed to pay Plaintiffs and the FLSA Collective the overtime wages for hours that they worked in excess of 40 hours in a workweek.

108.  As a result of Defendants' unlawful acts, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## FOURTH CAUSE OF ACTION

### New York Labor Law Article 19 – Unpaid Overtime
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

109.  Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

110.  The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiffs and the members of the Rule 23 Class.

111.  Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class the overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

112.  By Defendants' knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the NYLL Article 19, § 650 *et seq*., and the supporting New York State Department of Labor regulations.

113.  Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.  Plaintiffs do not seek liquidated damages under the NYLL.

## FIFTH CAUSE OF ACTION

### New York Labor Law - Spread-of-Hours and Split-Shift Pay
(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

114.  Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

115.  Defendants have willfully failed to pay Plaintiffs and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours and for each day that they worked a split-shift.

116.  By Defendants' failure to pay and the members of the Rule 23 Class spread-of-hours and split shift pay, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor regulations.

117.  Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.  Plaintiffs do not seek liquidated damages under the NYLL.

## SIXTH CAUSE OF ACTION

### New York Labor Law – Unlawful Deductions and Tip Retention
(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

118.  Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

119.  At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees within the meaning of the NYLL §§ 190, *et seq.*, and the supporting New York State Department of Labor regulations.

120.  At all times relevant, Defendants have been employers within the meaning of

the NYLL §§ 190, *et seq.*, and the supporting New York State Department of Labor regulations.

121.  At all times relevant, Packer, Wolf, Kurlanchik, Goldstein, and Daddabbo have been agents and/or officers within the meaning of the NYLL § 196-d and the supporting New York State Department of Labor regulations.

122.  The wage payment provisions of Article 6 of the NYLL and the supporting New York State Department of Labor Regulations apply to all Defendants and protect Plaintiffs and the members of the Rule 23 Class.

123.  By Defendants' knowing or intentional demand for, acceptance of and/or retention of the gratuities and/or service charges paid by customers when entering into a service contract with Tao when such customers had a reasonable expectation that such gratuities would be paid to Plaintiffs and the members of the Rule 23 Class, Defendants have willfully violated the NYLL Article 6, § 196-d.

124.  Defendants also made unlawful deductions from the wages of servers, runners, bussers, and other hourly food service employees and failed to pay them the full amount of their wages as a result of deductions for credit card fees, unpaid checks, breakage, spillage, and uniform-related expenses in violation of NYLL Article 6, § 193.

125.  Defendants have required servers, runners, bussers, and other hourly food service employees to pay for customer walk-outs, breakages or spoilages, in violation of the prohibition against unauthorized deductions under the NYLL Article 6, § 193 and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. § 137-2.5.

126.  Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.  Plaintiffs do not seek liquidated damages under the NYLL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as servers, runners, bussers, and/or hourly food service employees at Tao.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.    Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

E.    Issuance of a declaratory judgment that the practices complained of in

this Class Action Complaint are unlawful under NYLL Article 6, §§ 190 *et seq.* and

NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of

Labor regulations;

      F.      Unpaid overtime wages pursuant to NYLL Article 19, §§ 650 *et seq.*,

and the supporting New York State Department of Labor regulations (Plaintiffs do not

seek liquidated damages under the NYLL on behalf of the Rule 23 Class);

      G.      Unpaid regular wages at the agreed rate pursuant to NYLL

Article 6, §§ 190 *et seq.,* and the supporting New York State Department of Labor

regulations.  (Plaintiffs do not seek liquidated damages under the NYLL on behalf of the

Rule 23 Class.);

      H.      Pre-judgment interest and post-judgment interest;

      I.      An injunction requiring Defendants to pay all statutorily required

wages pursuant to the NYLL;

      J.      Reasonable attorneys' fees and costs of the action; and

      K.      Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

a trial by jury on all questions of fact raised by this Class Action Complaint.

Dated:    New York, New York
          June 26, 2008

Respectfully submitted,

**OUTTEN & GOLDEN LLP**
By:

Adam T. Klein (AK 3293)

**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Allegra L. Fishel (AF 4866)
Justin M. Swartz (JS 7989)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

**Attorneys for Plaintiffs and
the Putative Class**

# EXHIBIT A

## CONSENT TO BE A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against ___TAO Restaurant, Asia Five Eight LLC___.  By joining this lawsuit, I designate the Class Representatives to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to this lawsuit.  For purposes of this lawsuit, I choose to be represented by Outten & Golden LLP and other attorneys with whom they may associate.

Date: _6/24/08_

_Greg Prasker_
Signature

_Greg Prasker_
Printed Name

_100 Braisted Ave_
Address

_Staten Island, NY 10314_
City, State, Zip

## CONSENT TO BE A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against ___TAO Restaurant, Asia Five Eight LLC___.  By joining this lawsuit, I designate the Class Representatives to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to this lawsuit.  For purposes of this lawsuit, I choose to be represented by Outten & Golden LLP and other attorneys with whom they may associate.

Date: ___6/24/08___

_____
Signature

___Michelle Iarusso___
Printed Name

___3265 So. Sepulveda Blvd #204___
Address

___Los Angeles   CA   90034___
City, State, Zip