IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



GREG PRASKER and MICHELLE IARUSSO, on
behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

ASIA FIVE EIGHT LLC d/b/a TAO RESTAURANT,
MARC PACKER, RICHARD WOLF, KIM
KURLANCHIK, PAUL GOLDSTEIN, and TONY
DADDABBO,

Defendants.

08 Civ. 5811 (MGC)

ORDER GRANTING
PLAINTIFFS' MOTIONS FOR CERTIFICATION OF THE SETTLEMENT CLASS,
FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE
FLSA RELEASE, APPROVAL OF ATTORNEYS' FEES, AND REIMBURSEMENT OF
EXPENSES

Plaintiffs are waiters, servers, bussers, coffeepersons, porters/bussers, bartenders,

barbacks, and/or cocktail servers, who work or worked at Asia Five Eight d/b/a/ Tao Restaurant

("Tao"), a restaurant owned and/or operated by Mark Packer, Richard Wolf, Kim Kurlanchik,

Paul Goldstein, and Tony Daddabbo (collectively, with Tao, "Defendants"). On June 26, 2009,

Plaintiffs Greg Prasker and Michelle Iarusso commenced this action as a putative class action

under Federal Rule of Civil Procedure 23 and as a collective action under 29 U.S.C. § 216(b),

bringing a claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law

("NYLL") for unpaid minimum wages, overtime pay, spread-of-hours pay, uniform-related

expenses, and misappropriated tips and mandatory "service charges."

The parties reached this $1,050,000 settlement under the supervision of an experienced

employment law mediator, Ruth Raisfeld, who presided over a full-day of mediation on

November 11, 2008. (Declaration of Justin M. Swartz in Support of Plaintiffs' Motion for

Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Release ("Swartz Dec.") ¶¶ 7-8.) Thereafter, the parties executed a formal written settlement agreement ("Settlement Agreement"). (Swartz Dec. Ex. B.)

On September 25, 2009, the Court entered an Order preliminarily approving the settlement; conditionally certifying the settlement class; appointing Outten & Golden LLP as Class Counsel; and authorizing the dissemination of notice (the "Notice") to all class members ("Preliminary Approval Order").

On September 30, 2009, Settlement Services, Inc., a claims administrator, sent the Notice to all class members informing them of their right to opt out of or object to the settlement and of Class Counsel's intention to seek up to 33 and 1/3% of the settlement fund for attorneys' fees and their out-of-pocket expenses.

On December 4, 2009, Plaintiffs filed their Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Release ("Motion for Final Approval"). The same day, Plaintiffs also filed a Motion for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees"). Defendants took no position with respect to any of these motions.

The Court held a fairness hearing on December 16, 2009. No Class Member objected to the settlement or counsel's request for fees and costs, and only two Class Members requested exclusion.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees, and the supporting declarations, the oral argument presented at the December 16, 2009 fairness hearing, and the complete record in this matter, for good cause shown,

2

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

## CERTIFICATION OF THE SETTLEMENT CLASS

1.     The Court certifies the following class under Federal Rule of Civil Procedure

23(e), for settlement purposes:

> All persons who have worked as waiters, servers, bussers, coffeepersons,
> porters/bussers, bartenders, barbacks, and/or cocktail servers at Tao Restaurant at
> any time between June 26, 2002 and November 1, 2008.

2.     Plaintiffs meet all of the requirements for class certification under Federal Rule of

Civil Procedure 23(a) and (b)(3).

3.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1), numerosity, because

there are approximately 344 Class Members and, thus, joinder is impracticable. *See Consol. Rail*

*Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a

level of 40 members.")

4.     The proposed class also satisfies Federal Rule of Civil Procedure 23(a)(2), the

commonality requirement.  All class members raise common issues: (1) whether Defendants

failed to pay proper minimum wages, overtime pay, and spread-of-hours pay; (2) whether

Defendants misappropriated tips and mandatory gratuities or "service charges" that Defendants

charged their event customers; and (3) whether Defendants failed to compensate Plaintiffs and

the Class for uniform-related expenses. *See Reyes v. Buddha-Bar NYC*, 08 Civ. 02494, 2009

U.S. Dist. LEXIS 45277, at *6 (S.D.N.Y. May 28, 2009); *Mohney v. Shelly's Prime Steak, Stone*

*Crab & Oyster Bar*, 06 Civ. 4620, 2009 U.S. Dist. LEXIS 27899, at *10-11 (S.D.N.Y. Mar. 31,

2009).

5.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3), typicality, because

Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the

Class Members' claims. *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 158 (S.D.N.Y.

2008). The named plaintiffs held the same positions and had the same job duties as the class members. They also suffered the same alleged injury as did the class members – Defendants' failure to pay proper minimum wages and overtime, spread-of-hours pay, all of the tips that they earned, and reimbursement for uniform-related expenses. *See Reyes*, 2009 U.S. Dist. LEXIS 45277, at *6; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *11; *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 182 (W.D.N.Y. 2005).

6.    Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4), adequacy, because Plaintiffs' interests are not antagonistic or at odds with those of the class members, *see Toure v. Cent. Parking Sys.*, No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056, at *18-19 (S.D.N.Y. Sept. 28, 2007), and because Plaintiffs' counsel "has an established record of competent and successful prosecution of large wage and hour class actions, and the attorneys working on the case are likewise competent and experienced in the area," *Reyes*, 2009 U.S. Dist. LEXIS 45277, at *11-12 (internal quotation marks and citation omitted).

7.    Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3). Common factual allegations – that Defendants failed to pay proper minimum wages, overtime, and spread-of-hours pay, misappropriated tips, and failed to pay for uniform-related expenses – and a common legal theory – that Defendants' wage and hour policies violated the NYLL – predominate over any factual or legal variations among Class Members. *See Reyes*, 2009 U.S. Dist. LEXIS 45277, at *7; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *11; *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 373 (S.D.N.Y. 2007) (the issue of whether employees were supposed to be paid overtime was "about the most perfect question[] for class treatment"); *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 U.S. Dist. LEXIS 74039, at *52 (S.D.N.Y. Sept. 29, 2006) (plaintiffs "introduced sufficient proof that Defendants engaged in a common practice to deny employees overtime pay," and this issue "predominates over any individual calculations of

4

overtime wages").

8.      Class adjudication of this case is superior to individual adjudication because it

will conserve judicial resources and is more efficient for class members, particularly those who

lack the resources to bring their claims individually. *See Reyes*, 2009 U.S. Dist. LEXIS 45277,

at *7-8; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *12; *Damassia*, 250 F.R.D. at 161, 164.

Plaintiffs and the class members have limited financial resources with which to prosecute

individual actions, and Plaintiffs are unaware of any individual lawsuits that have been filed by

class members arising from the same allegations. Concentrating the litigation in this Court is

desirable because the allegedly wrongful conduct occurred within its jurisdiction. Employing

the class device here will not only achieve economies of scale for putative class members, but

will also conserve the resources of the judicial system and preserve public confidence in the

integrity of the system by avoiding the waste and delay of repetitive proceedings and prevent

inconsistent adjudications of similar issues and claims. *See Hanlon v. Chrysler Corp.*, 150 F.3d

1011, 1023 (9th Cir. 1998).

## APPROVAL OF THE SETTLEMENT AGREEMENT

9.      The Court hereby grants the Motion for Final Approval and finally approves the

settlement as set forth in the Settlement Agreement and this Order under Federal Rule of Civil

Procedure 23.

10.     Rule 23(e) requires court approval for a class action settlement to ensure that it is

procedurally and substantively fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). To

determine procedural fairness, courts examine the negotiating process leading to the settlement.

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); *D'Amato v. Deutsche

Bank*, 236 F.3d 78, 85 (2d Cir. 2001). To determine substantive fairness, Courts determine

whether the settlement's terms are fair, adequate, and reasonable according to the factors set

5

forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).

11.    Courts examine procedural and substantive fairness in light of the "strong judicial policy favoring settlements" of class action suits. *Wal-Mart Stores*, 396 F.3d at 116; *see also Spann v. AOL Time Warner, Inc.*, No. 02 Civ. 8238, 2005 U.S. Dist. LEXIS 10848, at *18 (S.D.N.Y. June 7, 2005) ("[P]ublic policy favors settlement, especially in the case of class actions."). "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, No. 05 Civ. 10240, 2007 U.S. Dist. LEXIS 57918, at *12 (S.D.N.Y. July 27, 2007).

12.    "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery." *In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002) (internal quotation marks and citation omitted). The Court gives weight to the parties' judgment that the settlement is fair and reasonable. *See Reyes*, 2009 U.S. Dist. LEXIS 45277, at *9; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *13.

### *Procedural Fairness*

13.    The settlement is procedurally fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e); *Frank*, 228 F.R.D. at 184 (citing *Joel A. v. Giuliani*, 218 F.3d 132, 138-39 (2d Cir. 2000)). The settlement was reached after Plaintiffs had conducted a thorough investigation and evaluated the claims, and after arm's-length negotiations between the parties.

14.    Plaintiffs' counsel interviewed several class members to determine the hours that they worked, the wages they were paid, the duties of individuals who received tips, and other

6

information relevant to their claims. (Swartz Dec. ¶ 5.) Plaintiffs' counsel also reviewed Defendants' pay and time records, event contracts, and other relevant policies. (*Id.* ¶ 6.)

15.    To help resolve the case, the parties enlisted the services of experienced employment mediator Ruth Raisfeld. Arm's-length negotiations involving counsel and a mediator raise a presumption that the settlement they achieved meets the requirements of due process. *See Wal-Mart Stores*, 396 F.3d at 116; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *13.

### *Substantive Fairness*

16.    The settlement is substantively fair. All of the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval.

17.    The "*Grinnell* factors" are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

18.    Litigation through trial would be complex, expensive, and long. Therefore, the first *Grinnell* factor weighs in favor of final approval.

19.    The class's reaction to the settlement was positive. The Notice included an explanation of the allocation formula and estimated each class member's award. The Notice also informed class members that they could object to or exclude themselves from the settlement, and explained how to do so. No class member objected to the Settlement, and only two requested

7

exclusion. "The fact that the vast majority of class members neither objected nor opted out is a strong indication" of fairness. *Wright v. Stern*, 553 F. Supp. 2d 337, 344-45 (S.D.N.Y. 2008) (approving settlement where 13 out of 3,500 class members objected and 3 opted-out). This favorable response recommends final approval. *Damassia*, 2009 U.S. Dist. LEXIS 77489, at *4-6 (approving settlement where no class member objected and only one class member opted out). The second *Grinnell* factor weighs in favor of final approval.

　　　20.　　The parties have completed enough discovery to recommend settlement. The pertinent question is "whether counsel had an adequate appreciation of the merits of the case before negotiating." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d at 537. Here, through an informal exchange of information, Plaintiffs obtained sufficient discovery. (Swartz Dec. ¶¶ 5-6.) The parties' full-day mediation session allowed them to further explore the claims and defenses. The third *Grinnell* factor weighs in favor of final approval.

　　　21.　　The risk of establishing liability and damages further weighs in favor of final approval. "Litigation inherently involves risks." *In re Painewebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997). One purpose of a settlement is to avoid the uncertainty of a trial on the merits. *In re Ira Haupt & Co.*, 304 F. Supp. 917, 934 (S.D.N.Y. 1969). Here, the fact-intensive nature of Plaintiffs' claims presents risk. The settlement eliminates this uncertainty. The fourth *Grinnell* factor weighs in favor of final approval.

　　　22.　　The risk of maintaining class status throughout trial also weighs in favor of final approval. A contested class certification motion would likely require extensive discovery and briefing. If the Court granted a contested class certification motion, Defendants could seek to file a Federal Rule of Civil Procedure 23(f) appeal and/or move to decertify, which would require additional rounds of briefing. Settlement eliminates the risk, expense, and delay inherent in this process. The fifth *Grinnell* factor weighs in favor of final approval.

23.    The risk of collection weighs in favor of final approval. The settlement eliminated the risk of collection by requiring Defendants to pay the Fund into escrow by March 16, 2009. Accordingly, the sixth *Grinnell* factor favors final approval.

24.    The substantial amount of the settlement weighs strongly in favor of final approval. The determination of whether a settlement amount is reasonable "does not involve the use of a 'mathematical equation yielding a particularized sum.'" *Frank*, 228 F.R.D. at 186 (quoting *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 178 (S.D.N.Y. 2000)). "Instead, 'there is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'" *Id.* (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). The seventh *Grinnell* factor favors final approval.

**APPROVAL OF THE FLSA RELEASE**

25.    The Court hereby approves the FLSA release language on the settlement checks. While private waiver of claims under the FLSA is prohibited, judicially supervised releases of FLSA claims are permissible. *See Manning v. N.Y. Univ.*, 98 Civ. 3300, 2001 U.S. Dist. LEXIS 12697, at *35-39 (S.D.N.Y. Aug. 22, 2001).

**DISSEMINATION OF NOTICE**

26.    Pursuant to the Preliminary Approval Order, the Notice was sent by first-class mail to each identified class member at his or her last known address (with re-mailing of returned Notices). This Court finds that the Notice fairly and adequately advised class members of the terms of the settlement, as well as the right of members of the class to opt out of the class, to object to the settlement, and to appear at the fairness hearing conducted on December 16, 2009. Class Members were provided the best notice practicable under the circumstances.

27.    The Court further finds that the Notice and distribution of such Notice comported

with all constitutional requirements, including those of due process.

28.     The Court confirms Settlement Services, Inc. ("SSI") as the Claims
Administrator.

## AWARD OF FEES AND COSTS TO CLASS COUNSEL

29.     On September 25, 2009, the Court appointed Outten & Golden LLP as Class
Counsel because they met all of the requirements of Federal Rule of Civil Procedure 23(g).

30.     Class Counsel did substantial work identifying, investigating, prosecuting, and
settling Plaintiffs' and the Class Members' claims.

31.     Class Counsel have substantial experience prosecuting and settling employment
class actions, including wage and hour class actions, and are well-versed in wage and hour law
and in class action law. *See, e.g., Clark v. Ecolab*, No. 07 Civ. 8623, 2009 U.S. Dist. LEXIS
108736, at *20 (S.D.N.Y. Nov. 17, 2009) (O&G are "skilled and experienced employment class
action lawyers . . . [and] have extensive experience prosecuting and settling nationwide wage
and hour class and collective actions"); *Westerfield v. Washington Mut. Bank*, No. 06 Civ. 2817,
No. 08 Civ. 287, 2009 U.S. Dist. LEXIS 94544, at *12-13 (E.D.N.Y. Oct. 2, 2009) (O&G
lawyers "have substantial experience prosecuting and settling . . . wage and hour class actions . .
. .").

32.     The work that Class Counsel have performed in litigating and settling this case
demonstrates their commitment to the Class and to representing the Class's interests. Class
Counsel have committed substantial resources to prosecuting this case.

33.     The Court hereby grants Plaintiffs' Motion for Attorneys' Fees and awards Class
Counsel $346,500 in attorneys' fees ~~equaling thirty-three percent (33%) of the Fund (including any~~   *M.G.C.*
*M.G.C.* ~~interest in the Fund).~~

34.     The Court finds that the amount of fees requested is fair and reasonable, ~~and the~~   *M.G.C.*

"percentage-of-recovery" method, which is consistent with the "trend in this Circuit." *Wal-Mart Stores*, 396 F.3d at 122; *see also Reyes*, 2009 U.S. Dist. LEXIS 45277, at *11-12; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *16; *Strougo ex rel Brazilian Equity Fund, Inc. v. Bassini*, 258 F. Supp. 2d 254, 261-62 (S.D.N.Y. 2003) (collecting cases); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 483-85 (S.D.N.Y. 1998) (collecting cases).

35.    In wage and hour class action lawsuits, public policy favors a common fund attorneys' fee award. *See Frank*, 228 F.R.D. at 189. Where relatively small claims can only be prosecuted through aggregate litigation, "private attorneys general" play an important role. *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 338-39 (1980). Attorneys who fill the private attorney general role must be adequately compensated for their efforts. If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk. *Goldberger v. Integrated Res. Inc.*, 209 F.3d 43, 51 (2d Cir. 2000) (commending the general "sentiment in favor of providing lawyers with sufficient incentive to bring common fund cases that serve the public interest"). Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purposes of the FLSA and the NYLL. *See Braunstein v. E. Photo. Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1975), *cert. denied*, 441 U.S. 944 (1979) (FLSA); *Ramos v. Marksue Realty Corp.*, 586 F. Supp. 488, 492 (S.D.N.Y. 1984) (NYLL); *Samiento v. World Yacht Inc.*, 883 N.E.2d 990, 994 (N.Y. 2008) (NYLL).

36.    Class Counsel's request for 33% of the Fund is reasonable and "consistent with the norms of class litigation in this circuit." *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2008 U.S. Dist. LEXIS 23016, at *15 (S.D.N.Y. Mar. 24, 2008); *see also Duchene v. Michael Cetta, Inc.*, No. 06 Civ. 4576, 2009 U.S. Dist. LEXIS 85955, at *8-9 (S.D.N.Y. Sept. 10, 2009) (awarding 32.2% of $3,150,000 fund in FLSA and NYLL tip misappropriation case); *Westerfield*, 2009 U.S. Dist. LEXIS 94544, at *4, 13 (awarding 30% of $8,000,000 fund in

11

nationwide misclassification class action); *Reyes*, 2009 U.S. Dist. LEXIS 45277, at *2-3, 11 (awarding 33% of $710,000 fund in FLSA and NYLL tip misappropriation case); *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *13, 16-17 (awarding 33% of $3,265,000 fund in FLSA and NYLL case); *Stefaniak v. HSBC Bank USA, N.A.*, No. 05 Civ. 720, 2008 U.S. Dist. LEXIS 53872, at *9 (W.D.N.Y. June 28, 2008) (awarding 33% of $2.9 million fund in FLSA and NYLL case); *Maley v. Del Global Techs Corp.*, 186 F. Supp. 2d 358, 370 (S.D.N.Y. 2002) (awarding 33 1/3% fee of fund valued at $11.5 million); *Cohen v. Apache Corp.*, No. 89 Civ. 0076, 1993 U.S. Dist. LEXIS 5211, at *1 (S.D.N.Y. Apr. 21, 1993) (awarding 33 1/3% of $6.75 million fund).

37.    Class Counsel risked time and effort and advanced costs and expenses, with no ultimate guarantee of compensation. A percentage-of-recovery fee award of 33% is consistent with the Second Circuit's decision in *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, where the Court held that a "presumptively reasonable fee" takes into account what a "reasonable, paying client" would pay. 493 F.3d 110, 111-12 (2d Cir. 2007). While *Arbor Hill* is not controlling here because it does not address a common fund fee petition, it supports a 33% recovery in a case like this one where Class Counsel's fee entitlement is entirely contingent upon success.

38.    All of the factors in *Goldberger v. Integrated Res. Inc.*, 209 F.3d 43, 51 (2d Cir. 2000) weigh in favor of a fee award of 33% of the Fund.

39.    The fact that Class Counsel's fee award will not only compensate them for time and effort already expended, but for time that they will be required to spend administering the settlement going forward also supports their fee request.

40.    The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $6,025.22, which the Court deems to be reasonable. Courts typically allow counsel to recover their reasonable out-of-pocket expenses. *See In re Indep. Energy Holdings*

*PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) (citing *Miltland Raleigh-Durham v. Myers*, 840 F. Supp. 235, 239 (S.D.N.Y. 1993)).

41.    The attorneys' fees awarded and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Fund.

## CONCLUSION

42.    The "Effective Date" of the settlement shall be 30 days after the date of this Order if no party appeals this Order. If a party appeals this Order, the "Effective Date" of the settlement shall be the day after all appeals are finally resolved.

43.    Within 5 days of the Effective Date, the Claims Administrator will distribute the money in the settlement account by making the following payments in the order below:

a.    Paying Class Counsel fees of $346,500;

b.    Reimbursing Class Counsels' costs in the amount of $6,025.22;

c.    Paying the remainder of the money in the settlement account to class members in accordance with the allocation plan described in the Settlement Agreement.

44.    The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement. The parties shall abide by all terms of the Settlement Agreement and this Order.

It is so ORDERED this 4th day of January, 2010

Honorable Miriam Goldman Cedarbaum
United States District Judge

13